UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARAO ABEL PEREIRA,

                    Plaintiff,

          -against-

NYC DEPARTMENT OF EDUCATION, ET
AL.,

                    Defendants.

23-CV-10396 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action

alleging that Defendants violated his rights. By order dated January 16, 2024, the Court directed

Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an

amended complaint on February 16, 2024, and the Court has reviewed it. For the reasons set

forth below, the Court grants Plaintiff 30 days' leave to file a second amended complaint.

## BACKGROUND

          Plaintiff's original submission consisted of a 26-page complaint, along with

approximately 1,620 pages of attachments and exhibits, and included an array of unrelated

allegations against multiple defendants. Among other assertions, Plaintiff alleged that: (1) his

minor daughters were sexually abused by teachers at their schools, day care centers, and a

homeless shelter; (2) he received inadequate or negligent healthcare in various New York City-

area hospitals; and (3) he won judgments in various state court actions, but the defendants never

paid him. Plaintiff also described various problems he has had with various private businesses

and City and federal government agencies.

          By order dated January 16, 2024, the Court directed Plaintiff to file an amended

complaint within 60 days. (ECF 4.) The Court's order: (1) dismissed any claims Plaintiff may

have been attempting to assert on behalf of his daughters without prejudice to his daughters

pursing those claims on their own behalf; (2) determined that Plaintiff was attempting to assert

unrelated claims against multiple different defendants in violation of Federal Rules of Civil

Procedure 18 and 20, and (3) instructed Plaintiff to file an amended complaint concerning one of

the incidents detailed in his complaint, and noted that if Plaintiff wished to pursue claims arising

from other incidents, he must do so in separate actions.

      The Court further instructed Plaintiff that his amended complaint must comply with Rule

8 of the Federal Rule of Civil Procedure, which requires a short and plain statement showing that

Plaintiff is entitled to relief. The Court expressly instructed Plaintiff to avoid presenting

unrelated or extraneous allegations and including voluminous attachments and exhibits.

      Finally, the Court instructed Plaintiff that his amended complaint must allege facts

demonstrating that the Court has subject matter jurisdiction of his claims. The Court noted that

Plaintiff appeared to be attempting to assert state law claims, which must be brought under the

Court's diversity of citizenship jurisdiction, but that Plaintiff did not demonstrate that the Court

has diversity jurisdiction because both he and Defendants were citizens of the State of New

York. The Court instructed Plaintiff that if he seeks to assert state law claims, such as claims for

negligence or medical malpractice, he must allege facts demonstrating that he and all defendants

are citizens of different states and that his claims are worth in excess of the $75,000

jurisdictional threshold.

      Plaintiff's amended complaint consists of the court's amended complaint form to which

he attaches 97 pages of documents, including 24 additional documents, captioned as amended

complaints, naming various defendants and bearing the case number of this action. The caption

of the amended complaint form names the City of New York, nine New York City agencies, and

the United States Postal Service. On that form, Plaintiff asserts claims for "failure to protect my rights laws from discrimination and unfair treatment such medic issues, justice, housing, employment, public accommodations, racial discrimination." (ECF 5, at 3.)[1] He alleges facts regarding treatment at various health care facilities around the City of New York from February 2006 to the present.

In another "amended complaint," Plaintiff names as the Defendant "Ophthalmology Saint Barnabas Hospital; Columbia Presbyterian Medical Center," and he appears to allege that it took him 10 years to get diagnosed with glaucoma. (*See id.* at 16-17.)

Another "amended complaint" lists the "New York City Department of Health and Hospital Corporation" and the City of New York as Defendants. Plaintiff alleges that, on February 22, 2011, a doctor named Joseph DeFrank at Saint Barnabas Southern Medical Center "isolated" Plaintiff in an exam room and

> persistently Assaulted me immediately touching all over my body in simulation of making manually search of inflammation of linfatic nodules on around of my body specifically on the very sensitive skin places like neck, arm, axes, inguinale zone of my legs and genitals private parts, chest, lower abdomeal quadrant, testicles and finally go to the my Penile, trying excersing to arise my willing to the libido state.

(*Id.* at 32.) Plaintiff accuses DeFrank of "strategic planning way to conduct exams after returning paperwork from Lab and or fundamentally given diagnosis on which Mr. Joseph DeFrank excuses being a need exercise for further investigations." (*Id.*)

Another "amended complaint" names the New York City Administration for Children's Services as the Defendant and alleges that, on an unspecified date at the "Shelters Day Care,"

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the amended complaint. All other spelling, punctuation, and grammar are as in the original unless otherwise indicated.

"most of the teachers were assigned to [Plaintiff's daughters] frequently exploited and molested sexually my Baby daughters to such a point I have been going reporting to the Police and Administration Children Service." (*Id.* at 43.) The police, however, "were staying in against me together with" ACS. (*Id.*)

Other "amended complaints" name and assert various allegations against Steven E. Savage, an attorney who may have represented Plaintiff in some type of civil proceeding; Yared AutoBody Service; private individuals Omar Diallo and "Ms. Denise"; "TAP-Portugal Airlines"; Ethiopian Airlines; and "God Bless Auto Mechanic Center," among others.

## DISCUSSION

Plaintiff's amended complaint does not cure the deficiencies identified in the Court's January 16, 2024 order to amend. Specifically, the amended complaint again asserts unrelated claims against multiple different defendants in violation of Rules 18 and 20 of the Federal Rules of Civil Procedure. (*See* ECF 4, at 5-6.) The Court notes that Plaintiff submitted an amended complaint form to which he attached multiple "amended complaints," which could indicate some confusion about the Court's prior order. In an abundance of caution, the Court therefore grants him leave to file a second amended complaint concerning one of the incidents he details in the amended complaint. Plaintiff may choose which incident he wishes to pursue. Plaintiff must allege only facts concerning this one incident and name as defendants only those individuals or entities involved in the incident that is the focus of the second amended complaint. If Plaintiff wishes to pursue other unrelated claims against multiple different defendants, he may do so in separate actions by filing new, separate complaints that comply with Rules 18 and 20 governing joinder and parties, and by either paying the $405.00 in filing fees for each case or filing an IFP application in each case.

As discussed at length in the Court's January 16, 2024 order to amend, if Plaintiff submits a second amended complaint, it must comply with the requirement, set forth in Rule 8 of the Federal Rules of Civil Procedure, that is contain a short and plain statement showing that Plaintiff is entitled to relief. (*See* ECF 4, at 6-7.) The second amended complaint must also allege facts demonstration that the Court has subject matter jurisdiction of Plaintiff's claims. (*See id*. at 8-9.) If Plaintiff asserts claims under the Court's federal question jurisdiction in his amended complaint, he must allege facts demonstrating a federal cause of action. If Plaintiff seeks to assert state law claims under the Court's diversity of citizenship jurisdiction in the amended complaint, he must allege facts demonstrating that he and all defendants are citizens of different states and that his claims are worth in excess of the $75,000 jurisdictional threshold.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Even though the Court has already granted Plaintiff an opportunity to amend his complaint, in light of his *pro se* status and in an abundance of caution, the Court grants Plaintiff 30 days' leave to amend his complaint in accordance with the standards set forth above and in the Court's January 16, 2024 order to amend.

## CONCLUSION

Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above and in the Court's January 16, 2024 order to amend. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as a "Second Amended Complaint," and label the

document with docket number 23-CV-10396 (LTS). A Second Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the action will be dismissed without prejudice to Plaintiff refiling his claims in separate actions that comply with Rules 18 and 20 of the Federal Rules of Civil Procedure.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 15, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                         _____
                                              LAURA TAYLOR SWAIN
                                         Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*


-against-


_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

_____ Civ. _____ (____)


**SECOND
AMENDED
COMPLAINT**__

Jury Trial: ☐ Yes    ☐ No
(check one)


I.      **Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff       Name _____

                Street Address _____

                County, City _____

                State & Zip Code _____

                Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1        Name _____

                       Street Address _____

                       County, City _____

                       State & Zip Code _____

                       Telephone Number _____


Defendant No. 2        Name _____

                       Street Address _____

                       County, City _____

                       State & Zip Code _____

                       Telephone Number _____


Defendant No. 3        Name _____

                       Street Address _____

                       County, City _____

                       State & Zip Code _____

                       Telephone Number _____


Defendant No. 4        Name _____

                       Street Address _____

                       County, City _____

                       State & Zip Code _____

                       Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions            ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
_____
_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____
_____

*Rev. 12/2009*                              2

### III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.    Facts: _____

_____

| What happened to you? |
_____
_____
_____

| Who did what? |
_____
_____

_____

| Was anyone else involved? |
_____
_____

| Who else saw what happened? |
_____
_____
_____
_____

### IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____
_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address              _____

                                     _____

                                     _____

Telephone Number          _____

Fax Number *(if you have one)*   _____

<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _____

Inmate Number              _____

*Rev. 12/2009*                                    4