UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARAO ABEL PEREIRA,

        Plaintiff,

-against-

NEW YORK CITY HEALTH AND
HOSPITALS COPORATION

        Defendant.

23-CV-10396 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff brings this action *pro se*. By order dated September 9, 2024, the Court dismissed this action, but granted Plaintiff 30 days' leave to replead his claims in a third amended complaint, as specified by that order. (ECF 12.) Plaintiff did not file a third amended complaint; in a judgment dated and entered on November 7, 2024, the Court dismissed this action. (ECF 14.) On November 20, 2024, the court received from Plaintiff a notice of appeal, a motion for an extension of time to file a notice of appeal brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"), a motion for leave to proceed *in forma pauperis* ("IFP") on appeal, and an application to appeal IFP. (ECF 15 & 16.)

      For the following reasons, the Court denies Plaintiff's Rule 4(a)(5) motion as unnecessary, and denies his motion for leave to proceed IFP on appeal and his application to appeal IFP.

**DISCUSSION**

**A.    Rule 4(a)(5) motion**

      Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a litigant must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See* Fed. R. App. P. 4(a)(1)(A).

The abovementioned judgment was entered on November 7, 2024. Plaintiff, therefore, has until 30 days later, or until December 9, 2024, to file his notice of appeal. His notice of appeal was filed on November 20, 2024, and is, accordingly, timely. The Court therefore denies Plaintiff's Rule 4(a)(5) motion as unnecessary.

**B.     IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In its September 9, 2024 order and November 7, 2024 judgment, the Court certified, under Section 1915(a)(3), that any appeal from that order and judgment would not be taken in good faith (ECF 12 & 14), denying IFP for the purpose of an appeal, *see* § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's order and judgment would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal and his application to appeal IFP.

## CONCLUSION

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure (ECF 15), as unnecessary, because his notice of appeal (ECF 16) is timely. The Court also denies Plaintiff's motion for leave to proceed IFP on appeal and application to appeal IFP. (*Id.*)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 21, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge